**MUSCLE–MATIC, INC., Plaintiff,**

v.

**TOURNAMENT OF CHAMPIONS, INC., Richman Associates, Roderick D. Campbell, and Stanley K. Herbets.**

**Civ. A. No. 42879.**

United States District Court
E. D. Pennsylvania.

Aug. 20, 1969.

Jenkins, Bennett & Jenkins, Philadelphia, Pa., for plaintiff.

Seidel & Gonda, Philadelphia, Pa., for defendant Campbell.

H. Richman, Richard, Brian & DiSanti, Upper Darby, Pa., for defendants.

## OPINION

HANNUM, District Judge.

This is the plaintiff's motion for summary judgment in a suit by the plaintiff to have the Campbell Patent No. 3,124,806 declared invalid. The claim as stated in the patent is,

"A golf training glove comprising hand encapsulating member including a dorsum portion; a palmar portion; phalanx receivers and a cuff portion; pocket means in the dorsum portion configured as to substantially cover the dorsum zone of the user's hand, said zone being that area bound longitudinally by the wrist and a line adjacent the user's four knuckles and laterally contained between the ulna and the radius of the user's forearm; and weight means received within the dorsum pocket for complementary, substantially uniform, contoured distribution of load over the aforesaid dorsum zone, said load being restricted within the margins bounded by said dorsum zone and defining a center of gravity centrally disposed therewithin without in any way intrusively extending into area of the phalanx receivers. * * "

The plaintiff relies primarily upon the Hayward Patent No. 2,011,362 for its position. The Hayward Patent is for a " * * * device for use in playing athletic games, sports or in fly-casting, etc.". It is stated in that patent that the device is "especially effective in correcting what is known to golfers as a 'slice' ". The Hayward Patent is a claim for "A device comprising a weight adaptable to the contour of the back of the hand and means for securing it to the fingers and wrist only whereby the palm and fingers of the hand are left free for grasping and holding any object."

Some of the apparent differences between the two patents are that in the Hayward patent there is no palmar portion, this is to allow the user to " * * * grasp the club or stick freely and naturally without hindrance", and there are no coverings for the fingers.

However, it is stated in the Campbell Patent that, " * * * the glove may be abbreviated, as by the removal of all or part of all or some of covers 10." (which are the finger covers).

The defendants Campbell and Herbets claim that the patentability of their device lies in the unique positioning of the weights on the dorsum portion of the hand. It is this exact positioning of the weight in the Campbell Patent that distinguishes it from the Hayward Patent according to the Campbell affidavit. The Campbell Patent is fairly specific regarding the exact location of the weights on the dorsum of the hand, while the Hayward Patent simply provides for "a weight shaped to conform to the outline of the back of the hand." (See Exhibit 4 in Patent No. 2,011,362, attached to affidavit of Vern L. Oldham, Esq.)

Recourse to the diagrams provided especially fig. 3 of the Hayward Patent and fig. 1 of the Campbell Patent

fails to disclose any differences in the placing of the weights on the dorsum portion of the hand. These diagrams together with the accompanying language contained in the patents can lead to only one conclusion, i. e., the Campbell Patent is invalid.

Summary judgment may be entered for the plaintiff.